.                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

MICHELE ARNOLD,

        Plaintiff,

  v.                                                Case No. 11-10023
                                                  Honorable Julian Abele Cook, Jr.
JOHN KIRCHGESSNER

        Defendant.

<u>ORDER</u>

      This case relates to an accusation by the Plaintiff, Michele Arnold, that the Defendant, John Kirchgessner, had violated her fundamental rights under the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws 37.1101 et seq. ("Act"). In making this assertion, she maintains that he unjustifiably terminated her employment with the General Motors Corporation ("GMC") after declining to accommodate her known disability. Feeling aggrieved by this administrative decision, Arnold sought relief by filing this lawsuit in the Wayne County Circuit of Michigan. However, Kirchgessner, after causing the case to be removed to this federal court on the basis of its diversity jurisdiction, filed a motion for summary judgment which is now awaiting a decision by the Court.

I.

      Arnold was hired by the GMC on January 8, 2007 to work as a temporary hourly employee at its plant in Warren, Michigan. As a part of her initial employment package, she signed a form

which acknowledged that, as a temporary employee, (1) she would not acquire any rights of seniority by virtue of her employment tenure pursuant to the terms of an existing GMC-UAW National Agreement and (2) her status as a temporary employment could be terminated at any time without the protections of any procedural safeguards that are ordinarily given to a worker with seniority. She was removed from the GMC employment roster on January 15, 2007 for reasons that were unrelated to her work performance - but rehired nearly three months later (April 2, 2007).

During all of the times that are relevant to this controversy, the Labor Relations Department at the Warren plant - not Kirchgessner - was responsible for the hiring, placement, and release of its temporary employees. While working for the GMC, she reported directly to a foreperson who was responsible for, among other things, (1) her job assignments, and (2) monitoring her production standards.

In 2003 or 2004, Arnold was diagnosed with diabetes and high blood pressure problems - medical conditions that are generally regulated by prescribed medications. On September 7, 2007, she began to experience chest pains while working. Following a brief stay at a hospital, her physician recommended that she (1) remain from work until September 16, 2007 and (2) avoid heavy lifting during this two week period of time.  Arnold provided GMC with a letter from her physician who cleared her to return to work on September 17, 2007 without restrictions. In fact, Arnold felt sufficiently recovered from her chest pain "episode" on September 7th that she sought and obtained a revised "return to work" letter from her physician who cleared her to return to work on September 11, 2007. In an effort to accommodate the physician's restriction on heavy lifting, Arnold was assigned to sit at a table where she could separate parts.  This task was performed without incident for approximately one week without any impairment to her work performance.

During this one week period, Dr. Barbara Yakes, a GMC medical office employee, visited with Arnold on the plant floor where they conferred about her then-current weight lifting restrictions. Yakes, in noting that the physician-imposed weight lifting restriction was about to end - asked Arnold to perform certain lifting and climbing exercises as part of an on-site job review. Arnold assured Dr. Yakes that she could her work tasks without restriction. Soon thereafter, Arnold was informed that she was being relieved of her duties as a temporary employee, effective on September 17, 2007.

II.

Federal Rule of Civil Procedure 56(a) states that a court shall grant summary judgment if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the movant to demonstrate the absence of a genuine issue of a material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). In assessing a summary judgment motion, a court is obliged to examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light most favorable to the non-moving party. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6thCir.1991). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 258. The entry of a summary judgment is appropriate if the non-moving party fails to present evidence which is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Vereecke v. Huron Valley School Dist.,* 609 F.3d 392, 399 (6th Cir.2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

When this case was commenced, Arnold was a resident of Michigan and Kirchgessner was

a resident of Florida. Inasmuch as this action is now in a federal court on the basis of its diversity jurisdiction, a court must apply the same substantive law that would be applied if the action had been brought in a state court of the same jurisdiction in which the federal court is located. *Equitable Life Assur. Soc. of U.S. v. Poe,* 143 F.3d 1013, 1016 (6th Cir. 1998). Thus, with recognition that this Court has diversity jurisdiction and Arnold has only asserted a state cause of action, Michigan law will be applied to the substantive issues of this case.

III.

In support of his motion, Kirchgessner asserts that he is entitled to summary judgment as it relates to Arnold's claim under the Act on two grounds; to wit, (1) the allegedly discriminatory personnel decision involving Arnold was made without his personal involvement, and (2) she - not being a disabled person, as defined by this statute - cannot establish a prima facie case of disability discrimination.

In those cases which involve claims, such as those that have been raised by Arnold, the courts in Michigan have held that an aggrieved person must establish that the identified defendant was personally involved in making the challenged discriminatory personnel decision. *See, e.g., Hedy v. BASF Corp.,* 1999 U.S. Dist. LEXIS 7573, at *6 (E.D. Mich. May 7, 1999); *Yanakeff v. Signature XV*, 822 F. Supp. 1264, 1266 (E.D. Mich 1993); *Sawicki v. Am. Plastic Toys, Inc.,* 180 F. Supp. 2d 910, 919 (E.D. Mich. 2001) (plaintiff did not know who made the decision to terminate her employment).

No evidence has been presented to the Court that Kirchgessner was involved in making the allegedly discriminatory personnel decisions. In his affidavit, Kirchgessner avers that "as a General Supervisor, I did not have decision making-authority with respect to the release of temporary

4

employees." (Kirchgessner Aff. ¶ 5. Docket Entry 14-2). Furthermore, Arnold acknowledges that she is unaware of the person (or persons) who made the decision to terminate her employment. (Arnold Deposition, at 140. Docket Entry 14-1).

Moreover, Arnold has not produced any evidence which counters, or tends to counter, the denials by Kirchgessner that he had any "decision making authority" over her employment status with the GMC. Therefore, the Court grants a summary judgment in his favor on this issue.

B.

As a supplement to his earlier argument, Kirchgessner submits that Arnold cannot establish a *prima facie* case of disability because, in his opinion, she is not a disabled person, as defined by the Act. In the State of Michigan, the law prohibits employers from discriminating against an employee because of a disability that is unrelated to the employee's ability to perform the duties of her job. Mich. Comp. Laws § 37.1201(d)(1)(b). Employers are required by law to accommodate an individual's disability in the absence of an established hardship. . *Id.* at § 37.1202(1)(g).

Arnold - as the adversely affected employee - bears the burden of establishing a *prima facie* case of discrimination under this statute. *See, e.g., Peden v. City of Detroit*, 470 Mich. 195 (2004). In order to establish a *prima facie* case of discrimination under the Act, there must be proffered evidence that (1) she is a "disabled" person, as defined by law, (2) the claimed disability is unrelated to her ability to perform the duties of a particular job; and (3) the plaintiff has been discriminated against in one of the ways set forth in the Act. *See, Chiles v. Machine Shop, Inc.*, 238 Mich. App. 462, 473 (1999).

To be disabled under this Act, Arnold must establish that she suffers from "physical or mental disabilities that substantially limit a major life activity of the disabled individual, but that,

5

with or without accommodation, do not prevent the disabled individual from performing the duties of a particular job." *Peden*, at 863.

In the complaint, she contends that her physical maladies (i.e., diabetes, hypertension and chest pains) constitute disabilities, as envisioned by the statute. However, her deposition testimony tends to belie this argument. There is nothing in that the record which suggest that these physical impairments have substantially limited her major life activities. In fact, the testimony from her deposition clearly suggests that she leads a reasonably normal life, including performing household chores, cooking, driving, exercising, and walking up and down stairs. (Arnold Deposition, at 72-77. Docket Entry 14-1). Following her release from the employment rolls at the GMC, she worked as a maintenance employee for a commercial cleaning company without any reported employment restrictions. *Id* at 169. Furthermore, there is no evidence that she ever sought an accommodation for her disabilities from any other employer. *Id.* at 165.

IV.

Therefore, Kirchgessner's motion for summary judgment is granted in its entirety. (Docket Entry 14).

IT IS SO ORDERED.

Date: January 20, 2012                                s/Julian Abele Cook, Jr.
                                                      JULIAN ABELE COOK, JR.
                                                      U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 20, 2012.

                                                      s/ Kay Doaks
                                                      Case Manager